## THE F. W. DEVOE.

### (District Court, E. D. New York. June 9, 1899.)

COLLISION—NEGLIGENT NAVIGATION OF TUG ALONG PIERS.

Laws N. Y. 1897, c. 378, § 879, making it unlawful for vessels to obstruct navigation in the East and North rivers by lying outside the piers, except at their own risk of injury from vessels entering or leaving any adjacent dock or pier, does not affect the right of a vessel lying beyond the end of a pier to recover for an injury caused by a collision with it of a passing tow through the negligent navigation of the tug, which was neither entering nor leaving an adjacent dock.

This was a suit in rem to recover damages for collision.

Wilcox, Adams & Green, for libelant.

Peter S. Carter, for claimant.

THOMAS, District Judge. At about 7:15 p. m. on the 5th day of August, 1898, a scow in the tow of the claimant's tug collided with the libelant's lighter, which was lying outside of two other lighters at the end of pier 8, Brooklyn. For this no sufficient excuse is offered, and hence the negligence of the tug is established. However, the claimant answers that the lighter was lying off the end of the pier, in violation of section 879, c. 378, Laws N. Y. 1897, which provides:

"It shall not be lawful for any vessel, canalboat, barge, lighter or tug to obstruct the waters of the harbor by lying at the exterior end of wharves in the waters of the North or East rivers, except at their own risk of injury from vessels entering or leaving any adjacent dock or pier; and any vessel, canalboat, barge, lighter or tug so lying shall not be entitled to claim or demand damages for any injury caused by any vessel entering or leaving any adjacent pier."

It does not appear that the claimant's tug or tow was "entering or leaving any adjacent dock or pier," but that the tug had passed the lighter, and that several of the scows in the tow struck the same. The excuse of the master of the tug is that he had orders to go to pier 7 to pick up another scow; that in fact the order related to pier 7 New York, instead of pier 7 on the Brooklyn side; and that, to effect his mistaken purpose, it was necessary for the tug with her tow to pass near to, and along the outer end of, pier 8, to pier 7, where the scow lay. The court is disinclined to believe, from the course pursued, that the tug had any such purpose in view. It was doing nothing that indicated a purpose to enter the slip, and the accident did not happen while it was doing any act within the meaning of the statute. The claim seems to be that a tug with a tow can navigate the river along the piers, and sweep away all the vessels in its path, at the peril of the destroyed or injured shipping. Such a disregard of the safety of property will not be sanctioned by this court. Let a decree be entered for the libelant, with costs.